UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Howard W. Amos, | Case No. 22-cv-2108 (JWB/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ryan Kelly, et al., | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Howard W. Amos's unsuccessful attempts to effect service on Defendant Ryan Miller. These pretrial matters have been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons that follow, the Court recommends that Mr. Miller be dismissed from this action without prejudice.

Plaintiff filed this civil action on August 26, 2022. (Doc. 1.) A notice of this lawsuit and a request for waiver was sent to Mr. Miller on November 21, 2022, but no waiver was returned executed. (Docs. 10, 13.) On May 19, 2023, the Court *sua sponte* granted Mr. Amos an extension of the deadline to effect service on Mr. Miller. (Doc. 22.) Specifically, the Court ordered Mr. Amos to provide an updated address for Mr. Miller within 21 days so that the U.S. Marshals Service could effect service, and warned that "[f]ailure to do so may result in a recommendation of dismissal of this action without prejudice as to Mr. Miller pursuant to Federal Rule of Civil Procedure 4(m)." (*Id.* at 2.) Mr. Amos provided

notice that he was attempting to find an address for Mr. Miller, and the Court gave him an additional 30 days to provide an update in a June 14, 2023 Order. (Doc. 30.) Mr. Amos provided an updated address for Mr. Miller on June 20, 2023, and the Court sent Mr. Miller a new notice of lawsuit and request for waiver that same day. (Doc. 35.) No waiver being returned, the Court ordered the U.S. Marshals Service to effect service on Mr. Miller at his own expense. (Doc. 57.) A summons was issued (Doc. 58), but again returned unexecuted on October 3, 2023 (Doc. 63). The Court then gave Mr. Amos with an additional two weeks to provide the Court with a correct address for Mr. Miller on October 4, 2023. (Doc. 64.)

More than those two weeks have now passed, and the Court still has not received an updated address for Mr. Miller. Under the Federal Rules of Civil Procedure governing this civil action, service is intended to be effected within the first 90 days of an action. Fed. R. Civ. P. 4(m). Far more than 90 days have elapsed since this suit was filed and, despite repeated attempts, there is still no record that the summons and complaint has been served on Defendant Ryan Miller as required by Rules 4(c) and 4(m) of the Federal Rules of Civil Procedure. Pursuant to those Rules, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed[.]" Fed. R. Civ. P. 4(c)(1). Plaintiff has been repeatedly cautioned that if he could not effect service on Mr. Miller, the Court would recommend his dismissal. The Court will now make such a recommendation.

## RECOMMENDATION

Based on the all the files, records, and proceedings above, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as to

Defendant Ryan Miller for Plaintiff Howard W. Amos' failure to effect timely service on Mr. Miller pursuant to Federal Rule of Civil Procedure 4(m).

Date: October 27, 2023            *s/Douglas L. Micko*
                                                      DOUGLAS L. MICKO
                                                     United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).