UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard W. Amos, | Case No. 22-cv-2108 (JWB/DLM) |
| Plaintiff, | |
| v. | |
| Ryan Kelly; Chad Conner; Peng Moua; Dirk Spee; Ryan Miller; Kurtis Schoonover; and North Memorial Medical Center, *sued in their individual and official capacities*; John Doe and Jane Doe, *sued in their individual capacities*, and City of Minneapolis, | REPORT AND RECOMMENDATION |
| Defendants. | |

This matter is before the Court on Defendants Jane Doe, John Doe, and North Memorial Medical Center's Motion to Dismiss (Docs. 39 (motion), 41 (memorandum)), and Defendants City of Minneapolis, Ryan Kelly, Kurtis Schoonover, Peng Moua, Dirk Spee, and Chad Conner's Motion for Judgment on the Pleadings (Docs. 46 (motion), 47 (memorandum)) to which Plaintiff Howard W. Amos responded with a Motion to Stay re: the Motion for Judgment on the Pleadings (Docs. 68 (motion), 69 (memorandum)). The case has been referred to the undersigned magistrate judge for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons below, the Court recommends that all claims against Defendants Jane Doe, John Doe, and North Memorial Medical Center be dismissed and their motion be denied as moot; Defendants City of Minneapolis, Ryan Kelly, Kurtis Schoonover, Peng

Moua, Dirk Spee, and Chad Conner's motion be granted and they be dismissed from this action absent proof of proper service on these Defendants during the objections period for this R&R; Mr. Amos's claims of assault and battery under Minnesota law be dismissed; and Mr. Amos's motion be denied.

## BACKGROUND

Mr. Amos filed this civil action under 42 U.S.C. § 1983 on August 26, 2022. (Doc. 1.) He is proceeding pro se and is currently housed in the Minnesota Correctional Facility located in Faribault, Minnesota ("MCF-Faribault"). (*See* Docket.)[1] In his complaint, Mr. Amos alleges that on September 2, 2016, before his current incarceration, Defendants subjected him to an excessive use of force and medical malpractice. (Doc. 1 at 1, 2 ¶ 8.) Specifically, Mr. Amos alleges that on that date, Officer Ryan Miller stopped Plaintiff because he was speeding and, after a short chase, Officer Kelly grabbed Mr. Amos and "punched him in the face multiple times, . . . beat him with a flashlight hitting him in the back of the head, [and] . . . choked him as well." (*Id.* ¶ 8.) He claims that "[t]he other named defendants helped [O]fficer [M]iller in the beating." (*Id.*) Mr. Amos alleges that the officers called for emergency medical care from North Memorial Medical Center, but that the EMTs who arrived "made the situation worse" because they sedated and intubated him, causing him to experience respiratory failure and bradycardia. (*Id.*) Following this, he

---

[1] Mr. Amos explains in his briefing related to this Order that he is serving a 240-month "sentence for his action[s] leading up to his arrest" after pleading guilty to fleeing a police officer, a flight which "resulted in the death of a pedestrian." (Doc. 68 at 2 (citing Doc. 49 (Sautter Decl., Ex. 1)).)

alleges that the EMTs administered "CPR and other emergency measures" and that he was eventually "admitted into [the] Intensive Care Unit . . . in critical condition." (*Id.*)

As a result, he alleges that Defendants violated his Eighth and Fourteenth Amendment rights and he also brings assault, battery, and negligence claims against them. (*Id.* at 1.) Specifically, he alleges that Officers Kelly, Miller, Conner, Moua, Spee, and Schoonover used unnecessary and unprovoked physical force against him—or failed to stop such misused force by their fellow officers—and that these actions "were done maliciously and sadistically" and "constituted cruel and unusual punishment in violation of the Eighth Amendment." (*Id.* ¶ 9.) According to Mr. Amos, these Defendants' actions also "constituted the tort[s] of assault and battery" under Minnesota law. (*Id.*) As to the EMTs, Mr. Amos alleges that they "failed to use good judgment" because they gave Mr. Amos an incorrect dosage of the sedation medication used "which almost killed plaintiff." (*Id.* ¶ 11.) This, he claims, violated his Eighth Amendment rights. (*Id.*) Finally, he alleges that North Memorial Medical Center failed to hold their EMT employees accountable for their negligence in failing "to properly do their job," which violated his Due Process rights under the Fourteenth Amendment. (*Id.* ¶ 12.)

Mr. Amos seeks declaratory relief and damages and "any other relief as it may appear that plaintiff is entitled." (*Id.* at 1, 5 ¶ D.)[2] Specifically, he asks for a declaratory judgment that: (1) Officers Miller, Kelly, Conner, Moua, Spee, and Schoonover violated

---

[2] Plaintiff's complaint also alleges that he seeks "injunctive relief" (Doc. 1 at 1), however, his requested relief includes no future actions or inactions from any Defendant (except that they pay monetary damages, which is a separate category of relief from injunctive relief) (*id.* at 4–5).

3

his Eighth and Fourteenth Amendment rights and that their actions constituted assault and battery under Minnesota law; (2) these same Defendants failed to act to stop these unlawful rights violations and torts; (3) the Minneapolis Police Department[3] failed to hold these same Defendants accountable for their actions and to properly discipline them for their brutality; (4) the EMTs "failed to provide adequate medical care for the plaintiff" in violation of his Eighth and Fourteenth Amendment rights; and (5) North Memorial Medical Center did not "provide adequate medical care for the plaintiff" in violation of his Eighth and Fourteenth Amendment rights. (*Id.* at 4 ¶¶ A.1.–5.)

Mr. Amos also seeks an award of compensatory damages as follows: (1) $125,000 jointly and severally from Officers Miller, Kelly, Conner, Moua, Spee, Schoonover, and the Minneapolis Police Department "for the physical and emotional injuries sustained as a result of the plaintiff's beating"; and (2) $125,000 jointly and severally from the two EMT Doe Defendants and North Memorial Medical Center because of "the physical and emotional injuries resulting from their failure to provide adequate medical care to the plaintiff." (*Id.* at 4 ¶¶ B.1.–2.)

Finally, Mr. Amos asks for an award of punitive damages in the amounts of: (1) $10,000 from each of the law enforcement members, including Officers Miller, Kelly, Conner, Moua, Spee, and Schoonover; (2) $65,000 from the Minneapolis Police Department; (3) $25,000 from each of the EMT Doe Defendants; and (4) $100,000 from North Memorial Medical Center. (*Id.* at 4 ¶¶ C.1.–3., 5 ¶ C.4.)

---

[3] The Court notes that while the Minneapolis Police Department is not a named defendant, the City of Minneapolis to whom the Police Department reports is. (*See* Docket.)

Several months after filing this complaint, Mr. Amos sought to amend his complaint to name the two Doe Defendants and add an additional Defendant (Doc. 5),[4] but the Court denied his motion without prejudice on October 28, 2022, for failure to comply with the Local Rules of this District (Doc. 7). Since then, Mr. Amos has never sought to refile these (or any other) amendments to his pleadings. (*See* Docket.)

In its October 28 Order, the Court also required that Mr. Amos complete and submit United States Marshal Service Forms for Defendants so that the Clerk of Court could seek waiver of service from them consistent with the Federal Rules of Civil Procedure. (Doc. 7 at 3 ¶¶ 2, 4.) Since that time, service of the summons and complaint against all Defendants has been complicated. (*See, e.g.*, Docs. 13, 22, 23, 30, 57, 63, 67.) At this time, it appears all Defendants have appeared and have filed a responsive pleading[5] save one Defendant—Ryan Miller—who has not been served and who the Court has already recommended be dismissed from this action (Doc. 67).

---

[4] Plaintiff sought to identify Jane and John Doe as Stuart Domitz and Randy Lauderbaugh, both EMT paramedics that Plaintiff alleged were employed by Defendant North Memorial Medical Center. (Doc. 5 at 1.) Plaintiff also sought to add the Minneapolis Police Department Fourth Precinct as a defendant in this action. (*Id.*)

[5] Defendants Ryan Kelly, Kurtis Schoonover, Dirk Spee, City of Minneapolis, Chad Conner, and Peng Moua have filed their answers (Docs. 32, 38), and Defendants Jane Doe, John Doe, and North Memorial Medical Center have filed a Motion to Dismiss (Doc. 39) that is a subject of this R&R.

## ANALYSIS

**I.     The Court recommends that all claims against Defendants Jane Doe, John Doe, and North Memorial Medical Center be dismissed without prejudice because Mr. Amos has failed to prosecute this action as to the claims against these Defendants.**

Defendants Jane Doe, John Doe, and North Memorial Medical Center (collectively, "North Memorial Defendants") filed their Motion to Dismiss on July 5, 2023. (Docs. 39 (motion), 41 (memorandum).) In their motion, they claim that Mr. Amos's complaint is too late because Minnesota law bars such claims if they have not been brought within four years.[6] They also argue that Plaintiff failed to serve them in a timely manner in violation of the Federal Rules of Civil Procedure. Thus, the North Memorial Defendants ask the Court to grant their motion and dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6).

On July 6, 2023, the Court issued an Order setting forth the briefing deadlines for the North Memorial Defendants' motion. (Doc. 44.) The Court ordered that "[p]ursuant to this District's Local Rule 7.1(c)(2), subject to the discretion of this Court to set briefing deadlines, Plaintiff's response to the Motion, including a memorandum of law and any affidavits and exhibits, must be filed on or before [July 26, 2023]. Defendants' reply must be filed within 14 days from Plaintiff's response." (*Id.*)

Between the July 26, 2023 deadline and the time of this writing, Mr. Amos sought four extensions (Docs. 51, 53, 62, 74), all of which the Court granted (Docs. 52, 55, 62,

---

[6] The Court does not reach the substantive statute of limitations argument raised by the North Memorial Defendants because Mr. Amos's failure to respond to their motion provides a procedural reason to dismiss these Defendants.

75). The Court also provided one extension on its own (Doc. 73), bringing the total number of extensions to five. The Court gave these extensions in the interest of a fair outcome on the substance of Mr. Amos's claims, and based on Mr. Amos's representations of various challenges to his ability to litigate those claims, including that: he had received late notice of case developments through prison mail and because the attorney assisting him had been hospitalized (Doc. 51 at 2); discovery in the case had been delayed and the paralegal for the attorney he was trying to retain had taken a medical leave (Doc. 53 at 1–2); he was about to file an extension request (Doc. 62); and he had been transferred to a new facility and was still waiting for his legal materials to arrive from his previous facility (Doc. 74 at 1–2).

The last deadline that the Court set for Mr. Amos was December 20, 2023. (Doc. 75.) On that date, Mr. Amos called the undersigned's chambers and informed the undersigned's staff that he was not going to file a response to the North Memorial Defendants' motion and would instead focus on his claims against the City of Minneapolis and its officers. Since that time, Mr. Amos has filed nothing further that addresses the North Memorial Defendants' motion.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). And, "[u]nless the dismissal order states otherwise . . . [it] operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

7

It has been more than six months since the North Memorial Defendants filed their motion, and Mr. Amos has not filed a response despite receiving five extensions that amount to more than 150 days—far beyond the original 21 days contemplated by Local Rule 7.1 of this District governing motions practice. *See* D. Minn. L.R. 7.1(c)(2). Based on his phone call to the undersigned's chambers and this case's docket, it appears that Mr. Amos does not plan to respond to the North Memorial Defendants' motion. Therefore, the Court recommends dismissal of the three North Memorial Defendants and Mr. Amos's claims against them under Rule 41(b) because Plaintiff has failed to prosecute the claims he brought against them. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.") (citing Fed. R. Civ. P. 41(b)).

Dismissal with prejudice, while it is the default outcome under Rule 41(b), "is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). It is true that the Court and the North Memorial Defendants have spent a not insignificant amount of time and resources on the claims Mr. Amos brought against these Defendants. That said, considering Mr. Amos's incarcerated status and the reasonable explanations that he offered for the extension requests sought during the past six months, the Court finds that his communication with the Court and attempts to comply with the Court's Orders present a mitigating reason not to impose the extreme sanction of dismissal

8

with prejudice. Therefore, the Court recommends that the dismissal of all claims against the North Memorial Defendants be without prejudice. *C.f. Sultana v. Endeavor Air*, No. 21-cv-2364 (JWB/TNL), 2023 WL 5436295, at *13 (D. Minn. May 30, 2023) (recommending dismissal of an action with prejudice when a plaintiff had, among other things, failed to respond to a defendant's motion to dismiss after numerous extensions without providing sufficient reasons for his failure), *R. and R. adopted sub nom. Sultana v. Air*, 2023 WL 5431437 (D. Minn. Aug. 23, 2023). Consequently, the Court recommends that the North Memorial Defendants' Motion to Dismiss be denied as moot because it has recommended that all claims against these Defendants be dismissed.

**II.     The Court recommends that the City Defendants' Motion for Judgment on the Pleadings be granted because proper service has not been effected on these Defendants and because the statute of limitations has run for Mr. Amos's assault and battery claims.**

Defendants City of Minneapolis, Ryan Kelly, Chad Conner, Peng Moua, Dirk Spee, and Kurtis Schoonover (collectively, "City Defendants") filed their Motion for Judgment on the Pleadings on July 20, 2023. (Docs. 46 (motion), 47 (memorandum), 48–49 (declarations), 60 (first reply), 71 (second reply).) The Court set a briefing schedule for the motion (Doc. 50), and after several extensions (Docs. 51–53, 55, 62), Mr. Amos opposed the motion and moving to stay it (Docs. 68 (motion), 69 (memorandum), 70 (declaration).) The City Defendants' Motion is now fully briefed and before the Court for consideration.

In their motion, the City Defendants argue that Mr. Amos was dilatory in serving the summons and complaint on the named Defendants and that, as a result, this matter should be dismissed under Federal Rule of Civil Procedure 12 for all Defendants other than

9

Officers Kelly and Schoonover[7] because of failure to serve process and establish personal jurisdiction over them. They also argue that the assault and battery claims should be dismissed as to all parties because Mr. Amos brought them after the two-year statute of limitations.

In response, Mr. Amos filed a memorandum opposing the City Defendants' motion and requesting a stay of any decision on it. He argues that he had good reason to run from the police officers named in this complaint during the September 2, 2016 incident; that the evidence demonstrates he did not resist arrest as the officers claim; and that circumstantial evidence suggests that the officers tampered with their body worn cameras ("BWC"). He also asks that the Court stay the City Defendants' motion because he has not been given a fair chance to litigate his claims for several reasons. First, he claims that the City Defendants have purposely served him with untimely discovery requests that do not comply with Federal Rule of Civil Procedure 34, thus waiving their right to raise any objections. Second, he argues that they have not produced complete discovery responses to his requests and falsely claim that documents he seeks are protected by the Minnesota Government Data Practices Act ("MGDPA").[8] And third, he asserts that in October 2023, he was retaliatorily transferred to a different facility in order to impede his ability to litigate this action. Thus, Mr. Amos asks the Court to either stay any decision on Defendants'

---

[7] Officers Kelly and Schoonover executed waivers of service. (Docs. 11, 14.)
[8] While there are remedies for Mr. Amos's discovery disputes with Defendants under the Federal Rules of Civil Procedure, they lie outside of the scope of Defendants' motion now before the Court, which necessarily requires no discovery because it seeks judgments on the pleadings alone. The Court thus makes no ruling on whether Defendants' discovery requests have been untimely, or whether their discovery responses have been improper.

motion until they have provided complete discovery responses, or consider any objections waived and take the facts not disputed as established.[9] He also asks the Court, if it stays Defendants' motion, to appoint him counsel.

The City Defendants filed a second reply memorandum in response to Mr. Amos's memorandum. They argue that Mr. Amos fails to address the issues raised in their motion in his response. Specifically, the City Defendants claim that Plaintiff does not raise a counterargument on his alleged failure to establish personal jurisdiction over every City Defendant except for Ryan Kelly and Kurtis Schoonover, and also does not raise any counter to the alleged statute of limitations bar on his state-law claims. Finally, they oppose his request for a stay because it would harm Defendants over whom jurisdiction has not yet been established.

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In considering a motion for judgment on the pleadings under Rule 12(c), the court views 'all facts pleaded by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party.'" *Yang v. City of Minneapolis*, 607 F. Supp. 3d 880, 889 (D. Minn. 2022) (quoting *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (cleaned up)). "As the Eighth Circuit [has previously] held . . . , because motions to dismiss for failure to state a claim are subject to the same legal standard whether

---

[9] Because the City Defendants raise procedural bars to Mr. Amos's claims against them, the facts beyond the date of the relevant incident are unnecessary to the Court's consideration in reaching a finding and making a recommendation here.

brought under Rule 12(b)(6) or Rule 12(c), the distinction is 'purely formal.'" *Radcliffe v. Securian Fin. Grp., Inc.*, 906 F. Supp. 2d 874, 883 (D. Minn. 2012) (quoting *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1089 (D. Minn. 2008). "Judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Yang*, 607 F. Supp. 3d at 889 (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (overruled on other grounds)). "[T]he court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1080 (8th Cir. 1999) (citations omitted).

Courts construe pro se complaints liberally, holding them to a less stringent standard than if a lawyer had drafted formal pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "even pro se pleadings must plead sufficient facts to state a claim for which relief can be granted." *Jackson v. U.S. Dep't of Just.*, No. 9-cv-0846 (JRT/JJK), 2009 WL 5205421, at *3 (D. Minn. Dec. 23, 2009) (citing *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)), *objections overruled*, 2010 WL 889884 (D. Minn. Mar. 8, 2010).

**A.** **Proper service has not been effected on the City Defendants and the Court recommends their dismissal without prejudice under Federal Rule of Civil Procedure 4(m) unless Mr. Amos properly serves them during the objections period to this R&R.**

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4. When a defendant has not been served with the summons and complaint within 120 days of an action's filing, courts must dismiss the action without

prejudice or order service to be made within a specified time. *See* Fed. R. Civ. P. 4(m). Lawsuits cannot proceed without proper service, and if a defendant has not been properly served, then federal courts lack jurisdiction over that defendant. *See Miss. Pub. Corp. v. Murphee*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person o[r] the party served."); *Printed Media Svcs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.") (further citations omitted). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted). Finally, when a court considers whether dismissal of claims and defendants is warranted based on a failure to effect proper service, it follows two steps in its analysis. First, it asks whether the plaintiff has shown good cause for failing to timely effect service—and if so, granting an extension is mandatory. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003). And second, even if the court finds no good cause, it remains within the court's discretion to grant a discretionary extension of the time for service if there has been excusable neglect. *Id.* at 613.

    **1.** **The Court finds that Officers Connor, Moua, and Spee have not been properly served, but that Mr. Amos should be given a brief opportunity to rectify this improper service.**

Under Federal Rule of Civil Procedure 4, a defendant sued in his individual capacity may be served by:

13

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Minnesota state law provides for similar methods of service. *See* Minn. R. Civ. P. 4.03(a).

Here, the proof of service Mr. Amos filed for Officer Chad Conner dated states that the U.S. Marshals Service served the summons and complaint to the "Clerk City Attorney's Office" on March 9, 2023. (Doc. 20 at 1–2.) Identical proofs of service were filed for Officers Moua (*id.* at 3–4) and Spee (*id.* at 5–6). There is no signature or other indication of the individual who received the delivery of service. Officers Conner and Moua subsequently filed an answer on June 22, 2023, raising as an affirmative defense that "Plaintiff has failed to serve process of the Complaint on these two answering Defendants" and that personal jurisdiction had thus not been established over them. (Doc. 38 ¶¶ 3–5.) Officer Spee also filed an answer raising the same affirmative defense that personal jurisdiction is lacking over him. (Doc. 33 ¶¶ 3–4.)

The City Clerk for the City of Minneapolis, Casey Carl, filed a declaration and avers that he "ha[s] no agreements to accept service of process for any individual employees of

14

the City of Minneapolis, including the Minneapolis Police Officers named in the Complaint" nor has his office "received service of process from [Mr. Amos], the U.S. marshals," or anyone else relating to Mr. Amos's lawsuit. (Doc. 48 ¶¶ 3–4.) Counsel representing the City Defendants likewise filed a declaration stating he is not a designated agent able to accept service for any of the City Defendants nor can he find any proof of a delivery of the summons and complaint to the Minneapolis City Attorney's Office. (Doc. 49 ¶¶ 1–2, 6.) The City Defendants thus contend that Officers Conner, Moua, and Spee were not served by any method enumerated in federal Rule 4(e) or state Rule 4.03(a), and that without that service, the Court lacks personal jurisdiction over these Defendants. On these facts, the Court agrees and finds that Officers Conner, Moua, and Spee have not been properly served in their individual capacities as required by Rule 4(e).

Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice when a defendant is not timely served but allows an extension of time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Plaintiff has not shown good cause for his failure to properly serve Officers Conner, Moua, and Spee. Even so, Mr. Amos is pro se and has made some efforts to attempt proper service on Defendants, including by completing the U.S. Marshal Service Forms so that summons would issue and be served by the U.S. Marshal Service according to the Federal Rules of Civil Procedure. (Docs. 8, 18, 20.) This Court also has been unsure about whether service had been properly effected on these Officers. (Doc. 22.) Therefore, given the confusion concerning service here, the Court finds such circumstances warrant a recommendation that Mr. Amos be granted an opportunity to effect proper service on Officers Conner, Moua, and Spee during the

15

objections period following the issuance of this R&R. If Mr. Amos does not file proof of proper service on Officers Conner, Moua, and Spee during the objections period, and if any of his claims against these officers are not dismissed for other reasons set forth in this R&R, then the Court recommends that the district court find that excusable neglect is also lacking after the notice given by the undersigned here and dismiss the claims against them without prejudice under Rule 4(m).

>   **2.   The Court finds that the City of Minneapolis has not been properly served, but that Mr. Amos should be given a brief opportunity to rectify this improper service.**

As a municipality, the City of Minneapolis "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Minnesota law, a municipality may be served by delivery to either the Chief Executive Officer or the City Clerk. Minn. R. Civ. P. 4.03(e)(2).

On June 14, 2023, this Court issued an Order noting that, among other things, it "ha[d] learned that, through no error on Plaintiff's part, . . . the City of Minneapolis had not yet been served pursuant to the official capacity claims against" the Officers "and asked the Clerk's Office to have the Marshal Service effect service." (Doc. 30.) The proof of service filed subsequently states that the Marshals served the "Minneapolis P.D. at [the] City Attorney[']s Office" on June 15, 2023, by giving the summons and complaint to the front desk clerk, Caresse Walker. (Doc. 36 at 1–2.) The City of Minneapolis filed its answer and contested that service was proper. (Doc. 33 ¶ 3.)

The Court agrees that the attempted service does not appear to satisfy Rule 4(j)(2) or Rule 4.03(e)(2), because there is no evidence that Ms. Walker is the Chief Executive Officer or the City Clerk for the City of Minneapolis, or that Ms. Walker can accept service on the City's behalf. Therefore, the Court is unable to conclude that service on the City of Minneapolis was proper. The Court recommends that Mr. Amos be granted the same opportunity to effect proper service on the City of Minneapolis during the objections period. If Mr. Amos does not file proof of proper service on the City of Minneapolis, and if any of his claims against it are not dismissed for other reasons set forth in this R&R, then the Court recommends that the district court find that excusable neglect is also lacking after the notice given by the undersigned here and dismiss the claims against the City of Minneapolis without prejudice under Rule 4(m).

**B.    The statute of limitations has run for Mr. Amos's assault and battery claims under Minnesota law[10] and the Court recommends these claims be dismissed with prejudice.**

Minnesota law permits assault and battery claims to be brought within two years of the alleged unlawful actions:

> Except where the Uniform Commercial Code, this section, section 541.05, 541.073, 541.076, or 604.205 otherwise prescribes, *the following actions shall be commenced within two years*:
>
>> (1) for libel, slander, *assault, battery*, false imprisonment, or other tort resulting in personal injury . . . .

---

[10] The City Defendants do not challenge Mr. Amos's claim of negligence in their motion, observing that "[w]hile the word 'negligence' is used in the Complaint, with regard to the Officer Defendants, the only state law claims are for assault and battery" which they argue should be dismissed because Mr. Amos brought them too late under Minnesota law. (Doc. 47 at 12.)

17

Minn. Stat. Ann. § 541.07 (emphasis added). Here, the alleged assault and battery took place on September 2, 2016. (Doc. 1 at 1, 2, 4 ¶¶ A.1–2.) Two years from September 2, 2016 is September 16, 2018. Mr. Amos's complaint is dated August 23, 2022, outside of the two-year limit under § 541.07. (*Id.* at 5.) The Court thus finds that none of the Defendants' actions described in the complaint occurred within the two years before the complaint was filed, and Mr. Amos's claims of assault and battery should be dismissed for failure to state a claim for which relief may be granted. *Accord Yang*, 607 F. Supp. 3d at 901 n.7; *Markham v. Tolbert*, No. 22-cv-0187 (SRN/TNL), 2022 WL 17819354, at *14 (D. Minn. Dec. 20, 2022).

Mr. Amos opposes the City Defendants' motion, but his memorandum fails to address the specific arguments that the City Defendants raise concerning deficient service and the statutory bar on his state-law claims of assault and battery. Therefore, in the scope of the City Defendants' motion, Mr. Amos has not presented the Court with any reason to stay this action, nor to do otherwise than to recommend that Defendants' motion be granted and Mr. Amos's motion be denied. Because it recommends denial of Mr. Amos's motion, it does not reach his request that if the Court stays Defendants' motion it also appoint him counsel.

## SUMMARY FOR PRO SE PARTIES

The Court is recommending that Mr. Amos's claims against the North Memorial Defendants—Jane Doe, John Doe, and North Memorial Medical Center—be dismissed and their Motion to Dismiss be granted because Mr. Amos did not respond to their motion. A

18

plaintiff must pursue their claims, or their claims will be dismissed under Federal Rule of Civil Procedure 41(b). That's what the Court recommends should happen here.

The Court is also recommending that some of the City Defendants—the City of Minneapolis, Chad Conner, Peng Moua, and Dirk Spee—be dismissed from this action, their Motion for Judgment on the Pleadings be granted, and Mr. Amos's Motion to Stay in response to their motion be denied. Mr. Amos had a limited period to serve the summons and complaint in this lawsuit on these Defendants as described in Federal Rule of Civil Procedure 4. That didn't happen. The Court is recommending that if Mr. Amos does not use this last chance to properly serve these four Defendants according to Rule 4 during the objections period to this R&R of 14 days, then the district court should dismiss these Defendants and the claims against them.

Finally, the Court is also recommending that Mr. Amos's claims of assault and battery in his complaint be dismissed as to all Defendants because he brought these claims too late according to Minnesota law. For this additional reason, the Court recommends that the City Defendants' Motion for Judgment on the pleadings be granted, and Mr. Amos's Motion to Stay be denied.

## RECOMMENDATION

Based on the all the files, records, and proceedings above, **IT IS RECOMMENDED** that:

1. All claims against Defendants Jane Doe, John Doe, and North Memorial Medical Center be **DISMISSED WITHOUT PREJUDICE** from this action for Plaintiff Howard W. Amos's failure to prosecute his claims against them under Federal Rule of Civil Procedure 41(b);

2. Defendants Jane Doe, John Doe, and North Memorial Medical Center's Motion to Dismiss (Doc. 39) be **DENIED AS MOOT** because no claims survive against these Defendants where they are dismissed from this action;

3. Defendants City of Minneapolis, Ryan Kelly, Kurtis Schoonover, Peng Moua, Dirk Spee, and Chad Conner's Motion for Judgment on the Pleadings (Doc. 46) be **GRANTED**;

4. Defendants City of Minneapolis, Peng Moua, Dirk Spee, and Chad Conner be **DISMISSED WITHOUT PREJUDICE** from this action for Mr. Amos's failure to effect timely service on them under Federal Rule of Civil Procedure 4(m) unless Mr. Amos files proof of proper service on these Defendants during the objections period following the issuance of this R&R;

5. Mr. Amos's claims of assault and battery under Minnesota law be **DISMISSED WITH PREJUDICE**; and

6. Mr. Amos's Motion to Stay re: the Motion for Judgment on the Pleadings (Doc. 68) be **DENIED**.

Date: January 17, 2024        *s/Douglas L. Micko*
                              DOUGLAS L. MICKO
                              United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).