# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Howard W. Amos,                                No. 22-cv-2108 (JWB/DLM)

          Plaintiff,

v.                                                          **ORDER**

Ryan Kelly and Kurtis Schoonover,
in their individual and official capacities,

          Defendants.

---

This matter is before the Court on pro se Plaintiff Howard W. Amos's Motion to Appoint Counsel. (Doc. 88.) Plaintiffs in civil proceedings do not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Instead, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Foster v. Litman*, No. 19-cv-0260 (JNE/ECW), 2020 WL 4548281, at *5 (D. Minn. Aug. 6, 2020) (quoting *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (per curiam)). Relevant factors in determining whether appointing counsel is appropriate include whether a plaintiff has made a good faith to retain counsel and was unsuccessful, *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984), as well as "the factual complexity of the case, the ability of the indigent [party] to investigate the facts, the existence of conflicting testimony, the ability of the indigent

[party] to present [their] claim and the complexity of the legal issues," *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986)). Here, the Court finds no factor supports the appointment of counsel at this early moment in the proceedings. Should this case goes to trial, Mr. Amos may renew his request for appointment of counsel at that time. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam) (collecting cases).

Additionally, the Court finds that denial of Mr. Amos's motion is appropriate here where the Court has referred Mr. Amos to the Federal Bar Association's Pro Se Project for a consultation with a volunteer lawyer who may agree to donate time to provide legal advice on Mr. Amos's case. (Doc. 89.)

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that Mr. Amos's Motion to Appoint Counsel (Doc. 88) is **DENIED WITHOUT PREJUDICE.**

DATED: July 23, 2024                  *s/Douglas L. Micko*
                                      DOUGLAS L. MICKO
                                      United States Magistrate Judge